Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| María I. Rivera Maldonado<br><br>Apelante<br><br>vs.<br><br>Truenorth Corporation<br><br>Apelado | KLAN202400137 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2017CV01547<br><br>Sobre: Laboral |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2024.

Comparece ante nos, la señora María I. Rivera Maldonado (Sra. Rivera Maldonado o apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia Parcial" emitida el 12 de enero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante este dictamen, el foro primario declaró Ha Lugar la "Moción de Sentencia Sumaria Parcial" presentada por Truenorth Corporation (Truenorth o apelado), y desestimó la reclamación por represalias presentada en su contra, en virtud de la Ley Núm. 115-1991, 29 LPRA sec. 194 *et seq.* A su vez, ordenó la continuación de los procedimientos en cuanto a la reclamación por salarios y beneficios dejados de percibir.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 16 de enero de 2024.

Número Identificador

SEN2024 _____

**I.**

El 21 de agosto de 2017, la Sra. Rivera Maldonado presentó una "Querella" contra Truenorth por represalias y reclamando salarios y beneficios dejados de percibir, al amparo del procedimiento sumario estatuido en la Ley Núm. 2 del 17 de octubre de 1961, *infra*. En síntesis, alegó ser empleada del apelado, y ocupar el puesto de Gerente de Recursos Humanos. Arguyó que, sin embargo, no se le estaban honrando ciertos beneficios, por ejemplo, plan médico, vacaciones, seguro social, bono navideño y salarios. Asimismo, adujo que el apelado tomó represalias en su contra, toda vez que, debido a sus reclamos exigiendo los beneficios, el apelado cambió sus términos y condiciones de empleo, reduciéndole el salario significativamente.

Por su parte, el 1 de septiembre de 2017, Truenorth presentó su "Contestación a Querella", y negó la mayor parte de las alegaciones contenidas en la reclamación. En la afirmativa, alegó que la apelante prestó servicios como contratista independiente, y que no tenía derecho a recibir los beneficios reclamados. A su vez, negó que la compañía hubiese tomado algún tipo de acción en represalias y/o discriminatoria contra la apelante.

Tras varios incidentes procesales, el 23 de diciembre de 2022, Truenorth presentó una "Moción de Sentencia Sumaria Parcial", y solicitó la desestimación de la reclamación por represalias. Lo anterior, por entender que la apelante no pudo demostrar un caso *prima facie*. Argumentó que, la prueba demostró: (1) la apelante ahora es empleada, (2) debido a esto, posee beneficios económicos que no tenía como contratista independiente y, tomando en cuenta dichos beneficios, el valor de compensación actual es mayor, y (3) la propia apelante declaró que el trato por parte de su supervisor directo y el dueño de la

compañía siempre ha sido de respeto, y nunca han tomado represalias en su contra.

El 2 de febrero de 2023, la Sra. Rivera Maldonado presentó su "Moción de Oposición a Sentencia Sumaria Parcial", y sostuvo que la solicitud presentada por el apelado resulta improcedente en derecho. En apoyo a sus contenciones, esgrimió que: (1) la petición de sentencia sumaria presentada por la apelante se apoya en una declaración jurada que es inadmisible, (2) la declaración jurada contradice admisiones del apelado, y (3) persisten controversias sobre hechos materiales que impiden la resolución del pleito por la vía sumaria.

Evaluados los escritos presentados por ambas partes, el 12 de enero de 2024,[2] el Tribunal de Primera Instancia emitió "Sentencia Parcial" mediante la cual declaró Ha Lugar la "Moción de Sentencia Sumaria Parcial" presentada por Truenorth, y desestimó la reclamación por represalias presentada en su contra, en virtud de la Ley Núm. 115-1991, *supra*. A su vez, ordenó la continuación de los procedimientos en cuanto a la reclamación por salarios y beneficios dejados de percibir.

Insatisfecha, el 15 de febrero de 2024, la Sra. Rivera Maldonado recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

> *Erró el TPI al concluir que la apelante no llevó a cabo una acción protegida bajo la Ley 115-1991 de Represalias de Puerto Rico.*
>
> *Erró el TPI* [al] *concluir que la apelante no sufrió una acción adversa al amparo de la Ley 115-1991.*
>
> *Erró el TPI al considerar como evidencia admisible la declaración jurada del Sr. Morales Zavala en apoyo de la Sentencia Sumaria Parcial presentada por el apelado.*

---

[2] Notificada el 16 de enero de 2024.

**II.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o controversias". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, [s.l.], [ed. del autor], 2010, pág. 25. "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". D. Fernández Quiñones, <u>Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme</u> 582 (3ra ed. 2013). La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el*

*tribunal motu proprio. Beltrán Cintrón et al v. ELA et al*, 204 DPR 89, 101-102 (2020).

Si un tribunal carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom, supra*, a la pág. 660. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra*, a la pág. 274. La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

> *(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

(Énfasis nuestro).

A tenor, le corresponde al foro apelativo intermedio evaluar la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el propósito de determinar si es la más apropiada para intervenir. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así, este foro apelativo está impedido de atender recursos prematuros o tardíos, pues ambos adolecen del mismo defecto insubsanable: privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó*, 194 DPR 96,

107 (2015). Un recurso es prematuro cuando se ha presentado con relación a una determinación que aún no ha sido finalmente resuelta. *Íd.* O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que éste adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra*, a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107. Ahora bien, las consecuencias de uno y otro son distintas. Un recurso desestimado por tardío priva fatalmente a la parte de presentarlo nuevamente. *Íd.* Sin embargo, un recurso desestimado por prematuro le permite a la parte volver a presentarlo cuando el foro apelado resuelva lo que tenía ante su consideración. *Íd.* En sintonía con lo anterior, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción.

**III.**

En el caso de autos, la Sra. Rivera Maldonado presenta recurso de apelación, cuestionando la "Sentencia Parcial" emitida por el Tribunal de Primera Instancia el 12 de enero de 2024, **y notificada el 16 de enero de 2024**. Según se desprende del trámite procesal discutido, la reclamación fue presentada al amparo del procedimiento sumario estatuido en la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118, mejor conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, según enmendada. En lo que nos concierne, la Sección 4 del precitado estatuto, provee que:

> *(…) la parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de certiorari al Tribunal de Apelaciones, **en el término jurisdiccional de diez (10) días siguientes a la notificación de la sentencia** para que se revisen los procedimientos exclusivamente.*

> (Énfasis provisto).

La naturaleza sumaria del procedimiento dispuesto en la Ley Núm. 2, *supra*, requiere diligencia y prontitud en la tramitación de las reclamaciones laborales, **incluyendo la etapa apelativa**. Conforme ha expresado nuestra Alta Curia, "la naturaleza sumaria que provee la Ley 2 constituye su característica esencial, por lo que tanto las partes como los tribunales deben respetarla". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018).

Según adelantamos, **la "Sentencia Parcial" recurrida fue notificada el 16 de enero de 2024. Conforme la Sección 4 de la Ley Núm. 2**, *supra*, **la Sra. Rivera Maldonado tenía 10 días para para presentar su recurso apelativo ante este Foro**, **entiéndase**, **hasta el 26 de enero de 2024. Sin embargo**, **no fue hasta el 15 de febrero de 2024 que la apelante recurrió ante nos**, **o sea**, **luego de transcurrido el término jurisdiccional de 10 días que establece la ley**. Por esta razón, el recurso de apelación resulta tardío y, consecuentemente, este foro apelativo está impedido de atender el recurso en sus méritos, por carecer de jurisdicción para ello.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso de apelación presentado por la parte apelante, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones